## EMERSON v. GILMAN.

The defendant signed a note for $60 with one L., as surety, and took from L. a mortgage of real estate to indemnify him against that liability. The defendant had the note to pay, and L. sold the mortgaged premises to M. The defendant sued M. on the mortgage, and after a large bill of costs ($135) had accumulated, recovered judgment against M., and took his writ of possession in common form, containing an execution for costs against M., and was put in possession of the mortgaged premises, but no costs had been collected of M. Before judgment, M. had conveyed the premises to these plaintiffs; — *Held*, that the plaintiffs were not entitled to a decree of discharge of the mortgage until they had paid or tendered, not only the note and interest originally paid by the defendant, but his costs in the suit on the mortgage.

THIS was a petition for a decree for the discharge of a mortgage. The parties agreed to the following statement of facts: On the 20th day of November, 1856, one Richard Lamprey, then the owner

of the premises in question, mortgaged the same to the petitionee, to indemnify him for signing a note as his surety, which note Gilman afterward had to pay. After the mortgage was executed, the title of Lamprey went into the hands of one J. M. Moody, and from him to the petitioners. While the title was in Moody, and after Gilman had paid the note, Gilman brought a writ of entry against Moody for the recovery of the premises. This action Moody resisted, on the ground that the note which the mortgage was made to secure was described in the mortgage as for $60, while the note relied upon to sustain it was for $71; but a verdict was found, and judgment ordered for Gilman. The costs, in the action Gilman v. Moody, were taxed and allowed at $135.

Gilman, at the expiration of sixty days, took out a writ of possession, which was placed in the hands of an officer, and he was duly put in possession of the premises mortgaged. No levy for the costs was made.

On the 20th day of September, 1862, the petitioners tendered to said Gilman the amount of the note secured by the mortgage, and interest, for the purpose of discharging his claim to the premises by virtue of the mortgage, and at the same time offered to him a quitclaim deed in common form, ready drawn, and requested him to execute it, there being then present a justice of the peace to take the acknowledgment. Gilman refused to accept the money or execute the deed, contending that the petitioners should also pay the costs in the action Gilman v. Moody.

And the questions of law arising upon the case were reserved and assigned to the law term.

*Stevens & Vaughan,* for the plaintiffs.

*Avery & Woodman,* for the defendant.

SARGENT, J. The statute (Rev. Stat., ch. 131, sec. 4) provides, that upon the performance of the acts stated in the condition of any mortgage, and the payment of all damages and costs arising by reason of the non-performance of such condition, according to the terms thereof, or upon the legal tender of such performance and payment, such mortgage shall be void.

The statute also provides (Comp. Stat. 291, sec. 5), that if, after such performance or payment, or a legal tender thereof, the mortgagee, or person having his estate, being duly requested, and having his reasonable charges therefor tendered to him, shall refuse or neglect to execute a release of his interest in the mortgaged premises, the mortgagor, or person having his estate, may apply by petition to the court, &c., praying for a decree of discharge, and for other relief thereon.

Section 6 provides that the court shall decree that such mortgage be discharged, if, upon notice and hearing, they shall find that the condition of such mortgage has been performed, and all damages and costs paid, according to law, or that a legal tender thereof has been made, &c.

In this case the condition of the mortgage had been broken, and Gilman had been obliged to pay the note, which he signed as surety; and when he sought to indemnify himself by getting possession of the land that was mortgaged to him to secure him for thus paying the note, he is met by a denial that his claim upon the land under the mortgage is valid; and in order to vindicate his claim he is obliged to litigate the matter until a large bill of costs accumulates; and having obtained a decision in his favor, and taken possession of the premises, a grantee of the land, having the equity of redemption, seeks now to redeem by paying the amount of the note and interest, and leaving Gilman to lose his large bill of costs, or to collect it of Moody, who owned the premises at the time the suit was brought.

But the party having the estate of the mortgagor is entitled to a decree of discharge only by making it appear that the condition of such mortgage has been performed (which has not been done in this case); or that all damages and costs arising by reason of the non-performance of such condition have been paid; or that a legal tender thereof has been made, and the amount of debt and damages brought into court, and lodged with the clerk thereof. Now the costs, in the suit upon the mortgage, clearly arose by reason of the non-performance of the condition of the mortgage. The case does not find that the money tendered has been brought into court and lodged with the clerk, which is necessary in order to have the tender of any avail. But aside from that we think there must have been tendered the amount of the costs in the suit on the mortgage, together with the amount of the note, and interest, before Gilman was bound to release his mortgage.

But some stress is laid upon the form of the writ of possession in this case, which is in the form prescribed by the statute (Rev. Stat., ch. 193, sec. 11; Comp. Stat., 496), which, after reciting the judgment against the defendant, that the plaintiff have possession of the demanded premises, and also recover his costs, &c., commands the officer to cause the plaintiff to have possession of the said premises, &c., and also commands him to levy upon the goods, &c., of the debtor, to pay the amount of said costs, and the officer's fees, and for want of property to arrest the body of the debtor, &c.

It is the result, in all cases of real actions upon mortgages, that the plaintiff, when he recovers judgment, has execution for his costs in the writ of possession; and if those costs are collected upon the debtor's other property, it leaves so much the less for the mortgagor to pay in order to redeem the land. But if the person sued, as in this case, sells the land, or his right in it, before the plaintiff gets his writ of possession and execution for costs, and if he has no other property, then the plaintiff must lose his costs, if the land can be redeemed by paying the amount due on the mortgage note, and interest.

But this is not so. In all cases of this kind the plaintiff has a lien upon the land for the costs, as well as for the original debt; and if the land is worth enough to pay the whole he may not need to collect the costs in any other way; and it often happens that he

can not do so if he would. But if he does collect these costs some other way, no one is harmed by it, as the land may be redeemed by paying the balance on the note. But in case the person sued — he who owned the equity of redemption at the time of suit brought — should sell the equity of redemption before the writ of possession issues, as in this case, then the plaintiff has election to collect his costs of the person who was sued, if he can, or to have them paid out of the land, if the land is worth enough to pay them, beside paying the note; and if the land is redeemed by payment of the debt and costs, that discharges his claim, as against all persons. The purchaser of the equity can blame no one if the debt and costs together make more than the land is worth, or if he is obliged to pay more to redeem it than the note and interest; because, when he bought, the costs had accrued, and he took the land subject to the lien upon it created by the mortgage, which extends to costs as well as to the debt.

But suppose the mortgagor, or the person having his estate, had desired to pay whatever he was obliged to pay, within the sixty days after the conditional judgment was entered, and not have the writ of possession issued at all, how much must he have paid? It is provided (Rev. Stat., ch. 190, sec. 11; Comp. Stat. 492) that in actions on mortgages the judgment shall be conditional; that if the mortgagor, or person having his right, shall pay to the mortgagee, or person having his right, the sum the court shall adjudge due, within two months after judgment rendered, with interest, such judgment shall be void; otherwise a writ of possession shall issue. Now the court, in adjudging the sum due, would of course include the costs up to that time, else, the judgment being void on the payment of the sum due, the plaintiff must lose his costs, and could get them of no one. In the case before us the costs are an incident of the debt, as in any other case, and must be paid or tendered, as well as the note which the mortgage was given to secure, before the petitioners can redeem.

*Petition dismissed, with costs.*